In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3830

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN A. PETERS, III,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:11-CR-00085-JMS-DML-1 — **Jane E. Magnus-Stinson**, *Judge.*

ARGUED APRIL 11, 2013 — DECIDED FEBRUARY 27, 2014

Before EASTERBROOK, MANION, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* John A. Peters, III, pled guilty to one count of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He reserved his right to appeal the district court's denial of his motion to suppress evidence discovered during the search of a car in which he was a passenger. We affirm.

**I.**

On April 5, 2011, Peters was a passenger in a maroon Toyota Scion on Interstate 70 in Indiana. The Scion was traveling behind a white GMC Denali and both cars displayed Ohio license plates. For reasons unrelated to this appeal, the cars aroused the suspicion of Officer Chris Borgman, a Greenfield police officer assigned to a multi-jurisdictional task force that patrolled Interstate 70 in Hancock and Marion Counties in Indiana. Officer Borgman decided to follow the Denali and he enlisted Deputy Nick Ernstes of the Hancock County Sheriff's Department to watch the Scion. Eventually, Officer Borgman decided to pull over the Denali, which was found to contain heroin and other evidence of drug trafficking. A passenger in the Denali, Aaron Holmes, later filed a motion to suppress the evidence found in that car. The district court discredited Officer Borgman's version of the events of that day as "too improbable" and "not established by a preponderance of the evidence," and granted Holmes' motion to suppress. We therefore do not rely on Officer Borgman's testimony in assessing Peters' claim and turn to Deputy Ernstes' account of the events.

After being alerted to the cars by Officer Borgman, Deputy Ernstes approached the Scion and noticed that it was approximately fifty to seventy-five feet behind the Denali. The Scion was traveling at approximately sixty to sixty-four miles per hour. The combination of the high speed and short distance allowed for less than two seconds' braking time between the vehicles, and Deputy Ernstes believed that the driver of the Scion, Cordell Adams, was violating an Indiana statute by

following too closely. *See* Ind. Code § 9-21-8-14.[1] Deputy Ernstes decided to pull over the Scion. When the deputy activated his emergency lights, Adams immediately pulled over.

The deputy told Adams that he stopped the car because it was following too closely and Adams apologized. Adams denied that he was traveling with another vehicle, told the deputy that he had left his license at home, and said that he was driving only because his passenger, Peters, had become too tired. Deputy Ernstes then approached the passenger side of the vehicle to request identification and vehicle registration. When Peters lowered the window, Deputy Ernstes smelled burnt marijuana and saw small green particles that the deputy believed to be marijuana on Peters' clothing. Peters claimed that the particles came from a cigar, but a closer look confirmed the deputy's belief that the particles were marijuana. Contrary to Adams' claim that the Scion was not associated with any other vehicle, Peters told the deputy that they were traveling with the white Denali. Based on the marijuana smell, Deputy Ernstes decided to search the Scion. In response to questions, Peters told Deputy Ernstes that he had previously been arrested for carrying a concealed weapon. For safety reasons, the deputy decided to handcuff Peters and pat him down. The deputy recovered a large amount of cash from Peters' pocket, totaling more than $2500. He then placed Peters

---

[1] That statute provides: "A person who drives a motor vehicle may not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of both vehicles, the time interval between vehicles, and the condition of the highway."

in a patrol car and searched the Scion. He found a marijuana stem in the front passenger area, and again encountered a marijuana odor, this time in a sunglass storage compartment. The storage compartment cover was cracked and had screws that appeared not to be original factory equipment. The deputy also found a cordless drill in the car. The drill contained a sticky substance which was later found to match a substance found on the screws of a panel concealing a kilogram of heroin in the Denali.

Peters was then charged, along with Aaron Holmes, a passenger in the Denali, with conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). Peters moved to suppress the evidence seized in the stop of the Scion.[2] The district court held a hearing to resolve disputes of fact regarding the traffic stop. The court found that Deputy Ernstes had observed the Scion traveling with less than two seconds of braking distance behind the Denali. Indiana law provides that a driver "may not follow another vehicle more closely than is reasonable and prudent." Ind. Code § 9-21-8-14. Citing our opinion in *United States v. Muriel*, 418 F.3d 720, 724 (7th Cir. 2005), the court concluded that probable cause existed to believe that a driver followed another too closely under Indiana law when fewer

---

[2] He also joined Holmes' motion to suppress the evidence seized in the stop of the Denali. The district court concluded that Peters lacked the ability to challenge the seizure of evidence in the other car as a "mere passenger in a convoy," and Peters does not challenge that conclusion on appeal. We therefore will not address the issue of Peters' ability to challenge the stop of the Denali or the seizure of evidence from the Denali.

than two seconds' braking time separated the vehicles. The court also determined that the subsequent warrantless search of the Scion was justified by the smell of burnt marijuana and by the appearance of marijuana particles in the car. The court therefore denied Peters' motion to suppress. Peters appeals.

## II.

On appeal, Peters contends that the district court clearly erred when it concluded that the stop of the Scion and the subsequent search of the interior were supported by probable cause. First, Peters maintains that Deputy Ernstes' testimony was too vague and conclusory to support a finding that the Scion was following the Denali too closely. Second, Peters contends that the court erred in crediting the deputy's testimony regarding the smell of marijuana in the car. In considering a district court's decision on a motion to suppress, we review findings of fact for clear error and questions of law *de novo*. *United States v. Wysinger*, 683 F.3d 784, 793 (7th Cir. 2012); *United States v. Garcia-Garcia*, 633 F.3d 608, 612 (7th Cir. 2011).

We begin with the stop of the Scion. The prosecution bears the burden of proving by a preponderance of the evidence that a warrantless stop is supported by probable cause. *Garcia-Garcia*, 633 F.3d at 612; *United States v. Basinski*, 226 F.3d 829, 833 (7th Cir. 2000). When a police officer reasonably believes that a driver has committed even a minor traffic offense, probable cause supports the stop. *Whren v. United States*, 517 U.S. 806, 819 (1996); *Garcia-Garcia*, 633 F.3d at 612. We concluded in *Muriel* that, in assessing whether a vehicle is following another more closely than is reasonable and prudent under Indiana law, the "use of the 'two-second rule' as a guide for

reasonableness comports with Indiana law." *Muriel* 418 F.3d at 724. The only question, then, is whether the court clearly erred when it credited Deputy Ernstes' testimony that there was less than two seconds' braking time between the Scion and the Denali. According to Peters, the deputy's testimony was too vague and conclusory regarding the distance between the two vehicles to satisfy the government's burden on a probable cause determination. In particular, Peters complains that the deputy did not explain how he measured the distance from the front bumper of the Scion to the rear bumper of the Denali. Nor did the deputy specify how he measured the speed of the two vehicles.

The district court's fact-findings were adequately supported by the record. At the suppression hearing, Deputy Ernstes testified that he was driving behind the cars when he noticed that the Denali slowed its speed and the Scion moved closer to the back of the Denali. He was then asked how close the Scion came to the Denali as the two traveled in tandem on the interstate. He replied:

> The front bumper of the Scion and the rear bumper of the Denali – and we're traveling at speeds around 60, 64 miles an hour at this time, around 60, between that range. And it got less than – for the majority of the time, it was between 50 and 75 feet. But, it was, a short period of time, shorter than that. So …

R. 280, Tr. at 156. When asked how he determined a safe following distance, Deputy Ernstes testified that he used the two-second rule described in the "Indiana Driver's Manual." That manual provides a table of distances that a vehicle travels

in one second at particular speeds. For example, the deputy testified that a vehicle traveling fifty-five miles per hour would traverse 80.7 feet in one second, and a vehicle traveling sixty-five miles per hour would cover 95.3 feet in one second. R. 280, Tr. at 158–59. Under the two-second rule, a car traveling fifty-five miles per hour should therefore allow approximately 160 feet of braking distance; a car traveling sixty-five miles per hour should stay approximately 190 feet behind any vehicle in front of it. Thus, even using the slowest speed that Deputy Ernstes described (sixty miles per hour) and the longest distance he observed between the cars (seventy-five feet), the Scion was following the Denali too closely under Indiana law. *Muriel*, 418 F.3d at 724.

As for the adequacy of Deputy Ernstes' estimates of the distance between the vehicles and the speed of the Scion, the deputy testified that he had been a police officer for fifteen years with significant training and experience in traffic enforcement, among other things. R. 280, Tr. at 149–52. The district court found Deputy Ernstes to be credible and credited his testimony. We must therefore defer to those findings of fact unless they are clearly erroneous. *Garcia-Garcia*, 633 F.3d at 614. *See also United States v. Jones*, 614 F.3d 423, 425–26 (7th Cir. 2010) (a factfinder's choice between two permissible views of the evidence cannot be clearly erroneous). Under Federal Rule of Evidence 701, a witness who is not testifying as an expert may offer testimony in the form of an opinion if the testimony is rationally based on the witness's perception, helpful to clearly understanding the witness's testimony or determining a fact in issue, and is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Judging

the speed of a vehicle or a distance between two vehicles based on an individual's perception is the quintessential kind of evidence contemplated by Rule 701. *United States v. Conn*, 297 F.3d 548, 554 n.2 (7th Cir. 2002). Perhaps the deputy could have confirmed his estimate of the car's speed with radar. Or he could have compared the speed of the Scion to the speed of his own vehicle as he followed the Scion. He could have counted "one Mississippi, two Mississippi" to judge the distance between the Scion and the Denali. Perhaps he did all of those things but neither the government nor the defendant asked him to explain how he determined the car's speed and trailing distance, and the defendant did not object to this testimony as lacking foundation.[3] In any case, none of those things were necessary for the court to credit his truthful testimony that, as an experienced police officer, he judged the distance to be too short for cars moving so quickly. Nor is there anything vague or conclusory in testimony that a car was traveling between sixty and sixty-four miles per hour, fifty to seventy-five feet behind another vehicle. On the contrary, that testimony was very specific. In short, the district court committed no error in crediting the testimony of an experienced police officer that,

---

[3] For the sake of completeness, we note that Peters did not object to the officer's testimony as lacking foundation even though that is the essence of his complaint on appeal. He therefore forfeited his foundation objection to this testimony. *United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006) (when a defendant fails to object to the admission of evidence on particular grounds until appeal, the argument is forfeited and our review is limited to the correction of plain error). But the government did not argue forfeiture and so we address the claim using the usual standard of review. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (claims of waiver may themselves be waived).

after observing two cars traveling in tandem for a period of time, he credibly believed that the trailing car was approximately seventy-five feet behind the lead car at a speed of approximately sixty miles per hour.[4] If an officer knowing these facts could reasonably conclude that this combination of speed and distance violated Indiana law, that is all that is necessary to support probable cause. *Garcia-Garcia*, 633 F.3d at 614. As Peters has conceded, we decided that issue against him in *Muriel*. 418 F.3d at 724. The government thus met its burden of establishing probable cause sufficient to justify the traffic stop.

In addition to the stop itself, Peters objected to the subsequent search of the vehicle. He contends that the deputy's testimony that he smelled marijuana was not credible. The deputy found only a few particles of marijuana, he complains, which was not consistent with the deputy's claim that there was a strong smell of burnt marijuana when Peters rolled down his window. He also objects that the officer did not collect any of the marijuana particles for testing and did not summon a near-by police dog that was trained to sniff for drugs, facts which he claims undercut the deputy's credibility.

On a motion to suppress, we review the district court's credibility determinations for clear error. *United States v. Brown*, 664 F.3d 1115, 1117 (7th Cir. 2011). "A factual finding is

---

[4] The district court also viewed and relied on a videotape of the traffic stop, finding that "the videotape establishes that the Scion was in fact traveling too closely." R. 166, at 9 n.6. The videotape is not part of the record on appeal. We have no reason to question the court's finding that the tape corroborated the deputy's testimony.

clearly erroneous only if, after considering all the evidence, we cannot avoid or ignore a definite and firm conviction that a mistake has been made." *Brown*, 664 F.3d at 1117–18. *See also United States v. Kreiger*, 628 F.3d 857, 869 (7th Cir. 2010) (factual finding regarding demeanor and credibility cannot be overturned unless the witness was incredible as a matter of law). None of Peters' arguments lead us to believe that the court erred in crediting Deputy Ernstes. The deputy's testimony that he smelled burnt marijuana was corroborated, not contradicted, by his statement that he found marijuana particles on Peters' clothing. Peters was not charged with marijuana possession and so there was no need for the deputy to collect the few crumbs that he observed on Peters' clothing. Given that the smell was of burnt marijuana, there was nothing unusual about the fact that only a few crumbs remained in the car. And there was no need for the deputy to employ a dog specially trained to ferret out subtle odors of illicit drugs when the deputy was "hit by an overwhelming smell of marijuana" when the window descended. R. 280, Tr. at 175. We have held that a police officer "who smells marijuana coming from a car has probable cause to search that car." *United States v. Franklin*, 547 F.3d 726, 733 (7th Cir. 2008). The judgment of the district court is therefore

AFFIRMED.