FILED
United States Court of Appeals
Tenth Circuit

July 20, 2015

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN HENRY SNYDER, II,

Defendant - Appellant.

No. 14-6023

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. NO. 5:11-CR-00027-F-1)**

---

Susan M. Otto, Federal Public Defender, Office of the Federal Public Defender, Oklahoma City, Oklahoma, for Appellant.

Steven W. Creager, Special Assistant United Stated Attorney (Sanford C. Coats, United States Attorney, and Arvo Q. Mikkanen, Assistant United States Attorney, with him on the brief), Office of the United States Attorney, Oklahoma City, Oklahoma, for Appellee.

---

Before **BRISCOE**, Chief Judge, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

John Snyder was stopped for a traffic offense and, upon approaching the vehicle, the investigating officer smelled the odor of burnt marijuana. Officers

then searched his car and discovered a firearm under the driver's seat, which Snyder admitted was his. Snyder was convicted for unlawful possession of the firearm and because of a number of previous felony convictions, received a lengthy 180-month sentence under the Armed Career Criminal Act's (ACCA) mandatory minimum sentencing provision.

Snyder raises two issues on appeal. First, he argues his vehicle was searched without probable cause in violation of the Fourth Amendment. We find this argument foreclosed by circuit precedent holding that the smell of burnt marijuana is sufficient to establish probable cause for a vehicle cabin search.

Second, Snyder challenges the applicability of the ACCA, arguing both that its residual clause is unconstitutionally vague and that applying it to increase his sentence violates due process. Our treatment of this issue is controlled by the Supreme Court's recent decision in *Johnson v. United States*, in which the Court held that the statute's residual clause was void for vagueness. No. 13-7120, slip op. at 15 (U.S. June 26, 2015). As a result, we REMAND and direct the district court to vacate Snyder's sentence and re-sentence him.

## I. Background

An Oklahoma City police officer observed John Snyder's vehicle straddle the lane line between the driving and turning lanes, a violation of the municipal code. As he was preparing to stop the car, the officer watched as Snyder began driving down the center of the roadway. He then initiated a traffic stop and

approached the vehicle, which contained Snyder and one other passenger. While standing outside the car and speaking with Snyder, the officer smelled burnt marijuana emanating from the inside of the car. After Snyder provided a driver's license and an expired insurance verification document, the officer decided to search the vehicle based on the burnt marijuana smell.

After calling for backup, the officer asked Snyder to step out of the car. Snyder initially refused to do so, but abruptly exited the vehicle and attempted to walk away when the officer opened the door. When the officer attempted to direct Snyder back to his car, Snyder attempted to flee and a brief scuffle ensued. Snyder was eventually restrained and began yelling at a passenger in the car that he should "go with it or leave with it." R., Vol. III, Doc. 66 at 18.

Additional officers arrived on scene and began to search the vehicle. Although they did not find any marijuana, they did find a firearm underneath the driver's seat. Snyder admitted the gun was his and he was eventually charged with being a felon in possession of a firearm and ammunition. Snyder subsequently moved to suppress the gun and the statements he made after his arrest, claiming that reasonable suspicion did not support the scope of the traffic stop and that the search was improper. The district court denied Snyder's motion, finding that the car would have been impounded either because of Snyder's arrest or his lack of current automobile insurance, and that a subsequent inventory

search inevitably would have led to the discovery of the firearm. Snyder entered an unconditional guilty plea.

Snyder then filed a motion to vacate his conviction under 28 U.S.C. § 2255, claiming his counsel was ineffective for failing to inform him that he could enter a conditional guilty plea. The district court agreed, and as a result, vacated the guilty plea and set the case for trial. Snyder was convicted after a bench trial at which he again unsuccessfully objected to the admissibility of the firearm and his statements concerning its ownership.

At sentencing, the district court determined that Snyder was an armed career criminal under the ACCA. As the court found, Snyder had twice been convicted of possession of cocaine with intent to distribute and had an additional conviction for attempted aggravated eluding of a police officer. The district court thus sentenced Snyder to the statutory mandatory minimum of 180 months' imprisonment.

## II. Analysis

Snyder raises two issues on appeal. First, he argues that the district court erred in denying his motion to suppress the firearm upon which his conviction is based. Second, Snyder argues that the application of the ACCA to his sentence was unconstitutional.

### A. Legality of the Search

When reviewing a district court's denial of a motion to suppress, we consider "the totality of the circumstances and view[] the evidence in the light most favorable to the government." *United States v. Madden*, 682 F.3d 920, 924 (10th Cir. 2012). Although we review the district court's factual findings for clear error, *id.*, "[t]he ultimate determination of reasonableness under the Fourth Amendment . . . is a question of law reviewed de novo," *id.* at 924–25. We can, of course, "affirm a lower court's ruling on any grounds adequately supported by the record, even grounds not relied upon by the district court." *United States v. Mabry*, 728 F.3d 1163, 1166 (10th Cir. 2013) (quoting *Elwell v. Byers*, 699 F.3d 1208, 1213 (10th Cir. 2012)) (internal quotation marks omitted), *cert. denied*, 134 S. Ct. 1354 (2014).

Snyder argues the district court erred in finding that the firearm police recovered from his car was admissible regardless of the legality of the actual search because it fell under the inevitable discovery doctrine. As we have previously stated, the inevitable discovery doctrine allows evidence to be introduced "if an independent, lawful police investigation inevitably would have discovered it." *United States v. Martinez*, 512 F.3d 1268, 1273 (10th Cir. 2008) (quoting *United States v. Cunningham*, 413 F.3d 1199, 1203 (10th Cir. 2005)). As noted above, the district court found that the police intended to impound the vehicle after Snyder's arrest and therefore the firearm inevitably would have been

found during the corresponding inventory search.  Snyder both contests the inevitability of the inventory search and argues the inevitability doctrine does not apply because the traffic stop at issue exceeded constitutional bounds prior to his arrest.

We need not reach the applicability of the inevitability doctrine.  Instead, we agree with the government that the record clearly establishes the officers had probable cause to search Snyder's vehicle based on the marijuana smell emanating from the car.

"[W]hen . . . officers have probable cause to believe that an automobile contains contraband, the Fourth Amendment does not require them to obtain a warrant prior to searching the car for and seizing the contraband."  *Florida v. White*, 526 U.S. 559, 563–64 (1999).  Our cases establish that the smell of burnt marijuana alone establishes probable cause to search a vehicle for the illegal substance.  *United States v. Johnson*, 630 F.3d 970, 974 (10th Cir. 2010); *see also, e.g.*, *United States v. Nielsen*, 9 F.3d 1487, 1491 (10th Cir. 1993) (noting "the smell of marijuana is sufficient to establish probable cause to search" the passenger compartment for marijuana).  In *Johnson*, we held that "the odor of marijuana by itself is sufficient to establish probable cause."  630 F.3d at 974.  Thus, "[b]ecause the district court specifically found . . . there was a strong odor of burnt marijuana emanating from the car when [the officer] approached to

question the passengers, we can find no error in the conclusion that probable cause was established to justify the search of the car." *Id.*[1]

Snyder resists this conclusion, arguing that the odor of marijuana was not the sole basis for our probable cause finding in *Johnson* because there were other factors that indicated illegal activity in that case. Although there were other facts that could have supported a probable cause finding in *Johnson*, the court did not rely on those facts—"We will briefly comment on some of these [other facts] *even though the strong odor of marijuana in itself justified the search*." *Id.* (emphasis added). Other circuits to address this question have also found that the smell of burnt marijuana alone provides probable cause to search the cabin of a vehicle. *See, e.g.*, *United States v. Peters*, 743 F.3d 1113, 1118 (7th Cir. 2014); *United States v. Caves*, 890 F.2d 87, 91 (8th Cir. 1989). Likewise, the officers here were entitled to rely on the smell of burnt marijuana, which was detectable from outside the vehicle, to establish probable cause to search the passenger cabin.

---

[1] Although he does not concede the point, Snyder has not presented any arguments challenging the initial traffic stop, so we need not review its legality here. Nonetheless, he does argue that the initial stop exceeded its lawful scope, citing *United States v. Botero-Ospina*, 71 F.3d 783, 786 (10th Cir. 1995) (noting that a stop must be "reasonably related in scope to the circumstances which justified the interference in the first place"). As we already explained, our cases allow an expanded stop where, as here, the officer develops probable cause to believe the passenger compartment contains contraband. *See, e.g.*, *United States v. Sandoval*, 29 F.3d 537, 540 (10th Cir. 1994) (noting further questioning and detention of a driver are permissible when "during the course of the traffic stop the officer acquires an objectively reasonable and articulable suspicion that the driver is engaged in illegal activity").

In the end, Snyder does not challenge the district court's finding that the original officer detected the smell of burnt marijuana beyond noting that the officer's testimony on this point was uncorroborated. We, however, are bound by the district court's factual findings unless clearly erroneous. Finding no clear error, we conclude the smell of marijuana from the car supplied officers with probable cause to search the cabin of Snyder's car.

### B. Armed Career Criminal Act

The ACCA establishes a minimum fifteen-year sentence for anyone with three separate felony convictions for violent or serious drug offenses who is subsequently convicted of a firearms offense under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). A violent offense for purposes of the Act includes "any crime punishable by imprisonment for a term exceeding one year" that "is burglary, arson, or extortion, [or] involves use of explosives." *Id.* § 924(e)(2)(B).

In addition to these enumerated violent crimes, § 924 goes on to expand the definition of a violent offense in its so-called residual clause, which includes crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." *Id.* Unfortunately, determining which crimes present a sufficiently serious potential risk of physical injury and thus qualify under the statute's residual clause is not as simple as it might sound, and § 924's language has triggered a cascade of confounding decisions by the Supreme Court and lower courts.

Snyder does not contest that he has two prior convictions that fall within the ACCA's definition of serious drug offenses. Rather, his challenge is limited to the district court's use of the residual clause to find that his prior conviction for attempted aggravated eluding a police officer was a third qualifying felony under the Act. He contends the state of affairs described above means the residual clause is unconstitutionally vague because the clause "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." *See United States v. Batchelder*, 442 U.S. 114, 123 (1979) (quoting *United States v. Harriss*, 347 U.S. 612, 617 (1954)). He thus argues that application of the clause violates due process.

And the Supreme Court agrees. The Court held recently in *Johnson v. United States*, that the ACCA's residual clause is unconstitutionally vague. No. 13-7120, slip op. at 15 (U.S. June 26, 2015). *Johnson* was the Court's fifth attempt in the past decade at defining the contours of the ACCA's residual clause, an experiment it now deems a "failed enterprise." *Id.* at 10. Reviewing its efforts, the Court concluded these "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminancy." *Id.* at 7. Simply put, no consistently applicable principle exists with which to differentiate crimes which pose a serious risk of injury—similar to that posed by the enumerated crimes in § 924—from those that do not. As a result, the provision violates the Fifth Amendment's due process

protections because it fails to "give ordinary people fair notice of the conduct it punishes" and invites "arbitrary enforcement" of the law. *Id.* at 3–4.

In a residual clause case similar to the one here, the Supreme Court rejected a vagueness challenge and found § 924's residual clause covered an Indiana law prohibiting the use a vehicle to "flee[] from a law enforcement officer after the officer has . . . identified himself and ordered the person to stop." *Sykes v. United States*, 131 S. Ct. 2267, 2271 (2011). That crime bears obvious factual similarities to Snyder's conviction for attempted aggravated eluding a police officer. Nonetheless, *Johnson* is binding on us. Despite an invitation from the dissent to hold otherwise, the Court's opinion is clear that applying the residual clause violates due process in all instances, even when the felony at issue falls cleanly within its scope. *See Johnson*, slip op. at 10–11.[2] As a result, the Court explicitly overturned *Sykes*, *id.* at 15, and concluded with the unqualified statement that, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," *id.*

Given this holding, we conclude that the district court violated Snyder's due process rights when it sentenced him under the ACCA based on an application of the Act's residual clause.

---

[2] For this reason, we reject the government's argument that Snyder lacks standing because the eluding police offense would be a violent felony under any interpretation of the residual clause.

## III. Conclusion

The district court's denial of Snyder's motion to suppress is AFFIRMED. Given the Supreme Court's recent decision finding the Armed Career Criminal Act's residual clause unconstitutionally vague, we REMAND and direct the district court to vacate Snyder's sentence and re-sentence him.