NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 17, 2017[*]
Decided March 17, 2017

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-3455

| | |
|---|---|
| MARK A. BROOKS-ALBRECHTSEN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:15-cv-01854-JMS-TAB |
| JASON MITCHELL, *Defendant-Appellee*. | Jane E. Magnus-Stinson *Chief Judge*. |

**O R D E R**

Jason Mitchell, an officer with the Indianapolis Metropolitan Police Department, flagged down Mark Brooks-Albrechtsen and talked with him briefly after concluding from the sound of his approaching vehicle that Brooks-Albrechtsen was speeding. Brooks-Albrechtsen then sued Mitchell under 42 U.S.C. § 1983, claiming that the officer

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

had violated the Fourth Amendment. The district court granted summary judgment for Mitchell, concluding from the undisputed evidence that no constitutional violation occurred. We affirm the district court's judgment.

Brooks-Albrechtsen had mounted a dashboard camera in his own vehicle and recorded his encounter with Mitchell. Around 1:30 a.m. on a Sunday, Brooks-Albrechtsen was working as a driver for Uber, the rideshare service. While driving his 2012 Subaru Legacy down a residential street in Indianapolis, he approached a four-way stop marked with flashing red lights. Stopped ahead of him at the intersection, blocking his lane, were a pickup truck and two police cars with flashing red and blue lights. Brooks-Albrechtsen slowed as he neared the intersection and moved into the left-turn lane to avoid those vehicles. Mitchell, who had been standing with another officer between the stopped vehicles, then walked across the left-turn lane, prompting Brooks-Albrechtsen to stop short of the intersection. Mitchell, speaking through the driver-side window, asked why it had "sounded" to him that Brooks-Albrechtsen continued driving "at a high rate of speed" even after seeing the flashing emergency lights. Brooks-Albrechtsen answered that he did not know why his car had sounded fast. Mitchell admonished him to drive more slowly, and he then proceeded on his way. The encounter lasted about 40 seconds.

Unknown to Mitchell, Brooks-Albrechtsen recently had filed a lawsuit after being turned down for a job as a police officer in Indianapolis. *Brooks-Albrechtsen v. City of Indianapolis*, No. 1:15-cv-00786-TWP-TAB, 2016 WL 3213457 (S.D. Ind. June 9, 2016). He amended his complaint in that case to add a Fourth Amendment claim against Mitchell. The district court severed the new claim into this lawsuit and later granted summary judgment for Mitchell. The court assumed that Mitchell's brief interaction with Brooks-Albrechtsen was a seizure (a characterization Mitchell has not contested) but concluded from the undisputed evidence that Mitchell had probable cause to investigate Brooks-Albrechtsen for violating a statute requiring drivers on two-lane roads to reduce their speed to at least ten miles per hour below the posted limit when approaching stationary emergency vehicles with red and blue flashing lights, *see* IND. CODE § 9-21-8-35(b)(2).

In this court Brooks-Albrechtsen argues, as he did in the district court, that Mitchell lacked a lawful basis for stopping him. He does not dispute that Mitchell heard his car approaching the intersection at what Mitchell perceived to be "a high rate of speed"; rather, he contends that "many factors contribute to the sound of a vehicle's

speed" and, thus, Mitchell might have overestimated his speed. But to justify an investigatory stop, all that Mitchell needed was some "particularized and objective basis" for thinking that Brooks-Albrechtsen was breaking the law. *See United States v. Cortez*, 449 U.S. 411, 417–18 (1981); *United States v. Miranda-Sotolongo*, 827 F.3d 663, 666 (7th Cir. 2016). The video from Brooks-Albrechtsen's dashboard camera proves that he did, in fact, continue traveling at a high rate of speed long after he could see the emergency lights. And there was nothing unreasonable about Mitchell's intuition that a vehicle that sounded as if it was traveling faster than the speed limit might be doing so. *See Tapley v. Chambers*, 840 F.3d 370, 377 (7th Cir. 2016) (recognizing that officer need not calculate motorist's speed with absolute precision before initiating traffic stop to investigate suspected speeding); *United States v. Peters*, 743 F.3d 1113, 1117 (7th Cir. 2014) (same).

Brooks-Albrechtsen also argues that the district court overlooked that his complaint asserted a claim under *Monell v. Dep't of Soc. Serv.'s*, 436 U.S. 658 (1978), against the City of Indianapolis and Marion County. But even if the complaint adequately alleged a *Monell* claim, it would fail because Brooks-Albrechtsen has not shown any underlying constitutional violation. *See Wilson v. Warren Cty., Ill*. 830 F.3d 464, 470 (7th Cir. 2016).

AFFIRMED.