NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11436


COMMONWEALTH  vs.  ANTHONY CRAAN.



Suffolk.      March 3, 2014. - July 9, 2014.

Present:  Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.


Controlled Substances.  Narcotic Drugs.  Constitutional Law, Narcotic drugs, Search and seizure, Investigatory stop, Probable cause.  Search and Seizure, Motor vehicle, Threshold police inquiry, Probable cause, Search incident to lawful arrest.  Threshold Police Inquiry.  Probable Cause.  Practice, Criminal, Motion to suppress.




Complaint received and sworn to in the Dorchester Division of the Boston Municipal Court Department on August 6, 2010.

A pretrial motion to suppress evidence was heard by Rosalind Henson Miller, J., and a motion for reconsideration was also heard by her.

An application for leave to prosecute an interlocutory appeal was allowed by Botsford, J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by her to the Appeals Court.  The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.


Zachary Hillman, Assistant District Attorney, for the Commonwealth.
Brian J. Anderson for the defendant.
The following submitted briefs for amici curiae:

William W. Adams for Ardil Innis.
Donald Bronstein, Committee for Public Counsel Services, Joshua Levy, Matthew Mazzotta, & Matthew R. Segal, for American Civil Liberties Union of Massachusetts & another.
Michael D. Cutler & Steven S. Epstein for National Organization for the Reform of Marijuana Law.

LENK, J.  In this case, we are asked again to determine the effect of the 2008 ballot initiative decriminalizing possession of one ounce or less of marijuana (2008 initiative) on police authority to conduct warrantless searches of vehicles, this time in the context of a search effected on the basis of the odor of unburnt marijuana.[1]

The defendant's vehicle was searched at a sobriety checkpoint on June 11, 2010, after a State police trooper smelled the odor of unburnt marijuana emanating from it.  The search revealed both loose marijuana and plastic baggies containing marijuana residue, in addition to three "Ecstasy" pills (methylenedioxy methamphetamine) and several rounds of ammunition.  The search was based on the odor of marijuana alone; the defendant exhibited no signs of impairment and, although issued a summons for criminal offenses, was permitted to drive away without being asked to submit to any field sobriety tests.  Approximately two months later, however, a

---

[1] We acknowledge the amicus briefs submitted on behalf of the defendant by the American Civil Liberties Union of Massachusetts and the Committee for Public Counsel Services; the National Organization for the Reform of Marijuana Law; and Ardil Innis.

criminal complaint issued charging the defendant with various drug- and firearms-related offenses.

A judge of the Boston Municipal Court initially denied the defendant's motion to suppress the fruits of the search, namely, the marijuana, Ecstasy pills, and ammunition.  Several months later, in light of Commonwealth v. Cruz, 459 Mass. 459 (2011), the judge reconsidered her ruling and allowed the motion to suppress.  A single justice of this court subsequently allowed the Commonwealth's application for leave to pursue an interlocutory appeal in the Appeals Court, and we transferred the case to this court on our own motion.

The Commonwealth maintains that the search was justified on three different grounds.  First, it was lawful because the search was conducted incident to the defendant's arrest.  Second, the search was permissible because it was to prevent the defendant from smoking marijuana while driving.  And, third, the search was lawful because it fell under the automobile exception to the warrant requirement, insofar as there was probable cause to believe that the defendant's vehicle contained evidence of a Federal crime.  Considering this case in conjunction with our decision in Commonwealth v. Overmyer, ante    ,     (2014), we reject these contentions and affirm the judge's order allowing the motion to suppress.

1.  Background.  We summarize the facts found by the judge after an evidentiary hearing, supplemented by uncontested facts in the record.  See Commonwealth v. Isaiah I., 448 Mass. 334, 337 (2007), S.C., 450 Mass. 818 (2008).  The only witness at that hearing was the State police trooper who conducted the search at the sobriety checkpoint.  "In reviewing a ruling on a motion to suppress, we accept the judge's subsidiary findings of fact absent clear error 'but conduct an independent review of [her] ultimate findings and conclusions of law.'"  Commonwealth v. Scott, 440 Mass. 642, 646 (2004), quoting Commonwealth v. Jimenez, 438 Mass. 213, 218 (2002).

In the early morning hours of June 11, 2010, State police were conducting a sobriety checkpoint[2] on Gallivan Boulevard in the Dorchester section of Boston.  The testifying trooper was responsible for stopping every passing vehicle to determine

---

[2] In order to pass constitutional muster, "the selection of motor vehicles to be stopped [at a sobriety checkpoint] must not be arbitrary, safety must be assured, motorists' inconvenience must be minimized and assurance must be given that the procedure is being conducted pursuant to a plan devised by law enforcement supervisory personnel."  Commonwealth v. McGeoghegan, 389 Mass. 137, 143 (1983).  See Delaware v. Prouse, 440 U.S. 648, 663 (1979).  No evidence was adduced at the hearing concerning the existence of a protocol governing the sobriety checkpoint in question, or whether any such protocol addressed the use of marijuana as well as alcohol.  In any event, however, the defendant did not challenge the legality of the sobriety checkpoint below or on appeal.  We assume for the sake of discussion that the checkpoint met constitutional requirements, and deem any arguments to the contrary waived.  See, e.g., Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) (issues not raised or argued below waived on appeal).

whether the driver was operating it while under the influence of alcohol.  One of the vehicles stopped was driven by the defendant.  After the trooper identified himself, the defendant rolled down the driver's side window to speak with him, at which point the trooper smelled a strong odor of unburnt marijuana emanating from the vehicle.

The trooper asked the defendant to pull into the screening area, and, once there, asked the defendant whether there was any marijuana in the vehicle.  The defendant responded that he and the vehicle's passenger "had just smoked some weed."  However, after the trooper explained that he smelled unburnt, rather than burnt, marijuana, the defendant opened the glove compartment to reveal a "small plastic bag" containing a substance that the trooper believed to be marijuana.[3]  At that point, the trooper ordered both the defendant and the passenger out of the vehicle and proceeded to pat frisk them.[4]

The trooper then performed a search of the vehicle, which uncovered, in the door on the driver's side, a device commonly used for grinding marijuana; three blue pills, later identified as Ecstasy; "some marijuana" in the center console; and, in the

---

[3] The trooper did not testify whether he believed that the bag contained more or less than one ounce of marijuana, and no other evidence as to the weight of the marijuana was before the judge.

[4] No evidence was seized as a result of this pat frisk.

passenger compartment, plastic baggies which appeared to contain burnt marijuana residue.  The trooper also searched the trunk, where he found rounds of .38 caliber ammunition.

At the conclusion of the search, the trooper did not arrest the vehicle's occupants, but rather issued summonses for criminal offenses and released them.  A complaint subsequently issued against the defendant, charging him with illegal possession of ammunition, in violation of G. L. c. 269, § 10 (h) (1); possession of a class D substance with the intent to distribute, in violation of G. L. c. 94C, § 32C (a); and possession of a class B substance, in violation of G. L. c. 94C, § 34.

The judge determined that, based on his experience, the trooper was qualified to recognize the odor of marijuana.[5]  See Commonwealth v. Garden, 451 Mass. 43, 48-49 (2008).  The judge went on to rule that, because the passage of the 2008 initiative did "not change the probable cause analysis," the scent of marijuana still provided "probable cause to believe that marijuana is nearby."  Although the judge found that there was no basis to believe that more than one ounce of marijuana was

---

[5] The trooper testified that, over his five years of service for the State police, he encountered marijuana "on a very regular basis," and had made approximately twenty or twenty-five arrests related to marijuana.  He also testified that, since 2008, he had issued between twenty and thirty civil citations for possession of marijuana.

present in the vehicle, she nevertheless concluded that the warrantless search was justified under the automobile exception to the warrant requirement. The odor of unburnt marijuana provided the basis for the search; although the odor did not suggest the presence of a particular quantity of marijuana, it did indicate the presence of some marijuana, which, the judge stated, was still unlawful contraband after the 2008 initiative. Therefore, the judge initially denied the defendant's motion to suppress.

The judge's initial ruling, however, predated our decision in Commonwealth v. Cruz, 459 Mass. 459, 472, 475-476 (2011), in which we held that, in view of the decriminalization of marijuana occasioned by the 2008 initiative, "the odor of burnt marijuana alone cannot reasonably provide suspicion of criminal activity," nor can it give rise to probable cause to search a vehicle under the automobile exception to the warrant requirement. After the release of this court's decision in that case, the defendant moved for reconsideration of the judge's ruling on his motion to suppress. The judge allowed the motion for reconsideration and thereafter reversed her initial ruling.

2. Discussion. "Warrantless searches are presumptively unreasonable, under both the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights." Commonwealth v. Gouse, 461 Mass. 787, 792 (2012).

"When a search is conducted without a warrant, the burden is on the Commonwealth to show that the search 'falls within a narrow class of permissible exceptions' to the warrant requirement." Commonwealth v. Perkins, 465 Mass. 600, 603 (2013), quoting Commonwealth v. Antobenedetto, 366 Mass. 51, 57 (1974).

Since the enactment of the 2008 initiative decriminalizing the possession of one ounce or less of marijuana, we have held that the odor of burnt marijuana alone cannot support probable cause to search a vehicle without a warrant. See Commonwealth v. Cruz, supra at 475-476. As we hold in a companion to this case, neither can such probable cause rest solely on the odor of unburnt marijuana. See Commonwealth v. Overmyer, supra at    . The Commonwealth, however, offers several different justifications for the presumptively unreasonable search of the defendant's vehicle, separate and apart from the odor of marijuana alone. We address each in turn.[6]

---

[6] We focus primarily on the lawfulness of the search of the defendant's vehicle, rather than the exit order, because it was the search that yielded the evidence sought to be suppressed. However, because, as the judge found, the basis for the search was the odor of unburnt marijuana, and there was no other reason to believe that a criminal amount of marijuana was present in the vehicle, there was no reasonable suspicion of criminal activity warranting an exit order. See Commonwealth v. Overmyer, ante    ,    (2014); Commonwealth v. Cruz, 459 Mass. 459, 472 (2011). The other permissible grounds for an exit order similarly were absent: there was no indication that the trooper's safety was threatened, nor, as shall be discussed infra, was the exit order justified "to facilitate an independently permissible warrantless search of the car under

a. Search incident to arrest. The first rationale proffered by the Commonwealth is that the trooper had probable cause to arrest the defendant for operating his vehicle while under the influence of marijuana, and therefore the search was permissible as a search incident to arrest. This argument, however, overlooks a crucial fact: neither the defendant nor his passenger was arrested.[7]

A search incident to arrest, as the name suggests, may be effected without a warrant when an arrest has taken place, in order to "remove any weapons that the [arrestee] might seek to use in order to resist arrest or effect his escape" or "to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." Chimel v. California, 395 U.S. 752, 762-763 (1969). See Commonwealth v. Santiago, 410 Mass. 737, 743 (1991). Although a search may precede a formal arrest, see id. at 742, quoting Commonwealth v. Brillante, 399 Mass. 152, 154 n.5 (1987), the search and the arrest "must be roughly contemporaneous." Commonwealth v. Washington, 449 Mass. 476, 481 (2007).

---

the automobile exception to the warrant requirement." See Commonwealth v. Cruz, supra at 467.

[7] Nor, for that matter, was the defendant subsequently cited for or charged with operating his vehicle while under the influence.

Where no arrest is underway, the rationales underlying the exception do not apply with equal force.  Indeed, "[t]o permit a search incident to arrest where the suspect is not arrested until much later, or is never arrested, would sever this exception completely from its justifications" and effectively "create a wholly new exception for a 'search incident to probable cause to arrest.'"  Commonwealth v. Washington, supra at 482, citing Commonwealth v. Alvarado, 420 Mass. 542, 554 (1995).  See Commonwealth v. Skea, 18 Mass. App. Ct. 685, 690 (1984), and cases cited ("Detentions for frisking, questioning, routine traffic stops, and the like, where the detainee is released after the police business is transacted, are treated as '"seizures" of the person,' subject to Fourth Amendment scrutiny . . . , but are differentiated from 'formal,' or 'custodial,' arrests, the custodial aspect of which serves as the theoretical justification for the incident search" [citations omitted]).  Given that it lacked the critical element of an arrest, the search of the defendant's vehicle cannot be sustained as a search incident to arrest.

In any event, the testimony at the motion hearing would not have supported a finding of probable cause to arrest the defendant for operating a motor vehicle while under the

influence of marijuana.[8]  There was no evidence that the
defendant bore any of the classic indicia of impairment, nor did
the trooper administer a field sobriety test in order to gauge
the defendant's level of impairment, notwithstanding the fact
that the vehicle had been stopped at a sobriety checkpoint.  Cf.
Commonwealth v. Daniel, 464 Mass. 746, 756-757 (2013) ("[T]he
Commonwealth elicited no testimony that [the defendant] showed
any signs of impairment during [her] encounter [with police].
The officer did not testify that [the defendant's] eyes were red
or glassy, that her speech or movements were unusual, or that
her responses to questioning were inappropriate or
uncooperative.  He did not perform any tests to assess [the
defendant's] physical and mental acuity"[footnote omitted]).

There was likewise no evidence that the defendant had been
driving erratically; indeed, the defendant's vehicle was stopped
pursuant to a systematic effort to stop every passing
automobile, and no other individualized reason for the stop was
given.  Contrast Commonwealth v. Bartlett, 465 Mass. 112, 117-
118 (2013) (police officer was justified in stopping defendant's
vehicle to determine whether he was operating it while under
influence of drugs or alcohol, where vehicle was observed

---

[8] The 2008 initiative explicitly did not alter statutes
relating to operating a motor vehicle while under the influence
of marijuana.  See G. L. c. 94C, § 32L; Commonwealth v. Daniel,
464 Mass. 746, 754 (2013).

swerving erratically).  Although the defendant admitted to having smoked marijuana earlier, the exact time at which he had done so was not clear, and, prior to searching his vehicle, the trooper observed no drug paraphernalia used to consume marijuana.  Far short of arresting the defendant for operating a motor vehicle while under the influence of marijuana, the trooper in fact released the defendant, allowing him to continue driving.[9]

Therefore, because the defendant was not arrested, and because the trooper lacked probable cause to arrest him for operating a motor vehicle while under the influence of marijuana, the search of the defendant's vehicle was not justified as a search incident to arrest.

b.  Search in order to prevent defendant from smoking marijuana while driving.  The Commonwealth contends that the trooper was "duty-bound" to search the defendant's vehicle to ensure that he would not "smoke additional marijuana while

---

[9] The Commonwealth conceded at oral argument that evidence that the defendant was operating while under the influence of marijuana was "scant."  The Commonwealth instead pursued the novel claim that the State trooper was justified in searching the vehicle where the defendant handed over a small amount of marijuana in what the Commonwealth argued was an attempt to "divert" the trooper's attention from the presence of other criminal contraband in the vehicle.  That the defendant intended to distract the trooper by using the small amount of marijuana in the glove compartment as a decoy is not supported by the findings of the judge, and we decline to address such a "diversion" theory on appeal.

driving."  In this argument, the Commonwealth does not attempt to fit the search within the parameters of the automobile exception to the warrant requirement, nor could it; the Commonwealth argues only that the odor of unburnt marijuana and the presence of a small amount of marijuana in the glove compartment suggested that "there could have been more."  The mere possibility that more marijuana was present in the vehicle does not amount to probable cause to believe that the defendant had committed, or was committing, a crime, namely possession of more than one ounce of marijuana.  See Commonwealth v. Johnson, 461 Mass. 44, 49 & n.6 (2011), citing Commonwealth v. Antobenedetto, 366 Mass. 51, 53 (1974) (automobile exception to warrant requirement permits search of vehicle where probable cause supports search).  See also Commonwealth v. Daniel, supra at 751-752 (defendant's surrender of two small bags of marijuana did not give rise to probable cause to search vehicle).

Instead, the Commonwealth maintains only that effectuating a warrantless search of the vehicle was the appropriate resolution of the choice facing the trooper, between searching the defendant's vehicle or releasing him, with the possibility that he could smoke additional marijuana while driving.  But, notwithstanding this novel argument, there is no "Hobson's choice" exception to the warrant requirement; that operating while under the influence may be an "epidemic," as the

Commonwealth argues, does not legitimate otherwise unconstitutional searches.

Moreover, there is no evidence that the defendant would have smoked marijuana while driving had the trooper refrained from searching his vehicle.  The trooper was adamant that it was unburnt, rather than burnt, marijuana that he smelled, suggesting that, prior to the stop, the defendant had not been smoking while driving.  Similarly, as discussed supra, there is no evidence that the defendant was impaired; the trooper performed no tests to assess his physical and mental acuity and permitted him to drive away.

We are not persuaded by the Commonwealth's suggestion that the search was permissible owing to the trooper's duty to ensure the safety of the roadways and to prevent the mere potential that the defendant could smoke marijuana while driving.  Were we to conclude otherwise, it would follow necessarily that police could search any vehicle containing sealed bottles of alcohol, based on a potential risk that the driver could open a bottle and begin drinking while driving.

c.  Search pursuant to automobile exception, based on probable cause to believe that defendant had violated Federal law.  As a third possible justification for the search, the Commonwealth suggests the automobile exception to the warrant requirement, which provides that police may search an automobile

where they have probable cause to believe that evidence of a crime will be found therein.  See Commonwealth v. Johnson, supra at 49 & n.6, citing Commonwealth v. Antobenedetto, supra at 53. According to this theory, the search conformed to the requirements of the automobile exception because the trooper had probable cause to believe that evidence of a Federal crime, namely, possession of marijuana, would be found inside the defendant's vehicle, despite the absence of any Federal involvement in the stop at issue.  This argument effectively asks us to circumvent the "clear intent" of the voters who enacted the 2008 initiative, which we identified in Commonwealth v. Cruz, 459 Mass. 459, 464-465, 472 (2011), and to overrule the holding of that case.  We decline to do so.

We observe at the outset that State and local law enforcement authorities are the creatures of statute, which may be modified by the Legislature.  See Commonwealth v. Dugan, 12 Met. 233, 234 (1847) ("The office of a police officer is not one known to the common law; it is created by statute, and must be regulated and administered according to the statute").  It follows that duly enacted laws may circumscribe police authority to act.  See, e.g., Commonwealth v. Landry, 438 Mass. 206, 211 (2002) (in light of statute providing that it "shall not be a crime" to participate in hypodermic needle exchange program, police officer may not lawfully arrest individual bearing

program membership card for violating provision regarding unlawful possession of needles). Thus, the 2008 initiative, constituting as it does a valid exercise of legislative authority, limited the scope of permissible police conduct with regard to marijuana offenses by reclassifying possession of one ounce or less as a civil violation. See Commonwealth v. Cruz, supra at 471-472 ("the entire statutory scheme [enacted by the 2008 initiative] also implicates police conduct in the field").

Similarly, although the "general rule is that local police are not precluded from enforcing federal statutes," Gonzales v. Peoria, 722 F.2d 468, 474 (9th Cir. 1983), overruled on other grounds by Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999), their authority to do so derives from State law. See Miller v. United States, 357 U.S. 301, 305 (1958) (where State police officers make arrest for violation of Federal law, "lawfulness of the arrest without warrant is to be determined by reference to state law"); Johnson v. United States, 333 U.S. 10, 15 n.5 (1948) (same); Goulis v. State Judge of the Third Dist. Court of E. Middlesex, 246 Mass. 1, 5-6 (1923), quoting Dallemagne v. Moisan, 197 U.S. 169, 174 (1905) ("It has long been held that power may be conferred upon a state officer, as such, to execute a duty imposed under an act of Congress, and the officer may execute the same, unless its execution is prohibited by the constitution or legislation of the state").

While State law <u>may</u> authorize local and State police to enforce Federal criminal statutes,[10] it need not do so.

Where the 2008 initiative decriminalized possession of one ounce or less of marijuana under State law, and accordingly removed police authority to arrest individuals for civil violations, see G. L. c. 94C, § 32N, it also must be read as curtailing police authority to enforce the Federal prohibition of possession of small amounts of marijuana.  Any contrary interpretation would clearly contravene the people's intent, to which we must give effect.  See <u>Commonwealth</u> v. <u>Cruz</u>, <u>supra</u> at 470-471.  Construing the statutory scheme to continue to permit State and local police to enforce the Federal prohibition would be entirely inconsistent with the objective that we discerned in <u>Commonwealth</u> v. <u>Cruz</u>, <u>supra</u> at 477, to "free up the police for more serious criminal pursuits."  We will not adopt an interpretation that is so plainly at odds with the purpose of the initiative.  See <u>Bridgewater State Univ. Found</u>. v. <u>Assessors of Bridgewater</u>, 463 Mass. 154, 160 (2012) (court will not embrace "absurd or unreasonable" interpretation of statute).

The Commonwealth appears to acknowledge that, after the 2008 initiative, State and local police lack authority to make arrests under Federal law for possessing small amounts of

---

[10] Of course, State law may authorize local enforcement of Federal statutes only if not preempted by Federal law.  See <u>Arizona</u> v. <u>United States</u>, 132 S. Ct. 2492, 2505-2507 (2012).

marijuana, but claims nonetheless that police may simply investigate possible violations of Federal statutes and turn over any evidence obtained to Federal authorities.  Even assuming that the power to investigate crimes and make arrests may be decoupled in such a way, the Federal government's current stance on prosecuting marijuana-related offenses significantly undercuts the strength of this argument.  In 2009, and again in 2013, the United States Department of Justice issued a memorandum to all United States Attorneys outlining its enforcement priorities with respect to marijuana-related offenses.  See J.M. Cole, Deputy Attorney General of the United States, Guidance Regarding Marijuana Enforcement (Aug. 29, 2013) (Cole); D.W. Ogden, Deputy Attorney General of the United States, Investigations and Prosecutions in States Authorizing the Medical Use of Marijuana (Oct. 19, 2009).  Such priorities include, inter alia, "[p]reventing revenue from the sale of marijuana from going to criminal enterprises, gangs, and cartels" and "[p]reventing violence and the use of firearms in the cultivation and distribution of marijuana."  Cole, supra at 1-2.

The Department of Justice has recognized that, "[o]utside of these enforcement priorities, the federal government has traditionally relied on states and local enforcement agencies to address marijuana activity through enforcement of their own

narcotics laws," and will continue to do so where Federal priorities are not implicated. Id. at 2-3. Therefore, given the clear preference expressed in the 2008 initiative that police focus their attention elsewhere, Federal law does not supply an alternative basis for investigating possession of one ounce or less of marijuana, especially where the Federal government has signaled a lessened interest in prosecuting such conduct.

To be sure, examples of cooperation between Federal and State law enforcement authorities are legion in our case law. See, e.g., Commonwealth v. Gonzalez, 426 Mass. 313, 314 (1997); Commonwealth v. Cast, 407 Mass. 891, 893 (1990). See also United States v. Franklin, 630 F.3d 53, 54 (1st Cir.), cert. denied, 131 S. Ct. 2466 (2011). By concluding as we do, we do not intend to call into question the legitimacy of such joint efforts. We hold only that where, as here, State law expressly has decriminalized certain conduct, there is no extant joint investigation, and the Federal government has indicated that it will not prosecute certain conduct, the fact that such conduct is technically subject to a Federal prohibition does not provide an independent justification for a warrantless search.

Therefore, "[a]bsent articulable facts supporting a belief that either occupant of the vehicle possessed a criminal amount of marijuana [under State law], the search was not justified by

the need to search for contraband [under Federal law]."

Commonwealth v. Daniel, 464 Mass. 746, 752 (2013).

Order allowing motion
to suppress affirmed.
