In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-4128

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TAMICHALE L. PAIGE,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:16-cr-00041-JPS-1 — **J.P. Stadtmueller**, *Judge.*

ARGUED MAY 30, 2017 — DECIDED SEPTEMBER 1, 2017

Before WOOD, *Chief Judge*, and RIPPLE and ROVNER, *Circuit Judges*.

RIPPLE, *Circuit Judge*. A grand jury indicted Tamichale Paige with one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and one count of possession with intent to distribute crack cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Mr. Paige moved to suppress the firearm and the drugs; he claimed that the police officer who conducted the

search, Officer Tiara Sheets-Walker, had no lawful basis to pat him down or to search his vehicle. After an evidentiary hearing before a magistrate judge, the district court denied Mr. Paige's motion. Mr. Paige then entered a conditional plea of guilty to both counts, reserving his right to appeal the denial of his motion to suppress. Mr. Paige was sentenced to twenty-eight months' imprisonment and four years of supervised release.

Mr. Paige now submits that the district court erred in holding that Officer Sheets-Walker had probable cause to arrest him. He contends, therefore, that the search of his person and vehicle cannot be justified as incident to a lawful arrest. We cannot accept this argument. The district court correctly denied the motion to suppress; Officer Sheets-Walker had probable cause to arrest Mr. Paige for possessing marijuana[1] and for operating a vehicle while impaired.[2] She also had probable cause to believe that Mr. Paige's vehicle contained evidence of criminal activity. We therefore affirm the district court's judgment.

# I

## BACKGROUND

### A.

After midnight on January 2, 2016, an employee of a McDonald's restaurant in Milwaukee called 911 and informed the 911 operator that a vehicle had been sitting in the

---

[1] Wis. Stat. § 961.41(3g)(e).

[2] *Id.* § 346.63(1)(a).

business's drive-through lane for approximately an hour and expressed concern that the driver might be sick or injured. Fire and police units responded to the call. When Milwaukee Police Officer Tiara Sheets-Walker arrived at the scene, she observed a man, later identified as Mr. Paige, standing outside the open driver's door of his vehicle. He was speaking with Captain Hornick of the Milwaukee Fire Department, who had arrived a minute earlier with two other firefighters.

As Officer Sheets-Walker approached Mr. Paige and Captain Hornick, she detected a strong odor of fresh marijuana coming from Mr. Paige. Captain Hornick explained to Officer Sheets-Walker that he had found Mr. Paige asleep in the driver's seat of the vehicle, which was still parked in the drive-through lane of the open McDonald's. The Captain had awakened Mr. Paige by knocking on the car window. Mr. Paige told the captain that he had just fallen asleep and was "ok."[3] After briefing Officer Sheets-Walker, Captain Hornick and the other firefighters began to leave the scene. As they left, one of the firefighters signaled to Officer Sheets-Walker by making a gesture that she understood to indicate that Mr. Paige had been drinking.

Officer Sheets-Walker spoke with Mr. Paige to obtain general information, such as his name and address, and walked with him toward her police wagon. Officer Sheets-Walker testified that Mr. Paige appeared sleepy, keeping his eyes low and walking slowly. She also testified that Mr. Paige's version of events (that he had just fallen asleep) seemed suspicious to her because Mr. Paige had been asleep in a drive-through lane

---

[3] R.9-1 at 5.

for about an hour. As they spoke, Officer Sheets-Walker continued to smell "a strong odor of fresh marijuana" coming from Mr. Paige.[4]

Officer Sheets-Walker planned to detain Mr. Paige temporarily in her police wagon before continuing to investigate. She suspected, however, that Mr. Paige might be in possession of marijuana or a firearm because, in her experience, "drugs and guns are typically associated together."[5] In addition, police department policy dictated that an officer should ensure that a person does not have drugs or a weapon before placing him in a police vehicle. Officer Sheets-Walker therefore patted Mr. Paige down to ensure he "did not have any illegal contraband or weapons on him."[6] During the pat down, Officer Sheets-Walker discovered that Mr. Paige had tucked a firearm in the rear waistband of his pants. The firearm was a Glock, model 22, .40 caliber semi-automatic handgun with one bullet in the chamber and twelve bullets in the magazine. Because Mr. Paige lacked a permit to carry a concealed weapon, Officer Sheets-Walker arrested him and placed him in the back of her police vehicle.

Officer Sheets-Walker then returned to Mr. Paige's vehicle, which still was parked in the McDonald's drive-through. Although the doors and windows of the vehicle were closed, Officer Sheets-Walker was able to observe a bottle of alcohol on the driver's seat. Additionally, even without any door or window open, Officer Sheets-Walker smelled a strong odor of

---

[4] R.48 at 53.

[5] R.9-2 at 1.

[6] *Id.*

fresh marijuana coming from the vehicle. She searched the vehicle and found a digital scale and clear sandwich bags containing 10.42 grams of crack cocaine and 9.24 grams of marijuana inside the car's middle console.

**B.**

On March 8, 2016, a grand jury returned a two-count indictment charging Mr. Paige with one count of possession of a firearm by a felon and one count of possession with intent to distribute crack cocaine and marijuana. Mr. Paige filed a motion to suppress the fruits of Officer Sheets-Walker's search, claiming that she had no lawful basis to pat him down because she had lacked reasonable suspicion that he was armed or dangerous. In response, the Government submitted that the search was lawful because the officer had probable cause to arrest Mr. Paige for marijuana possession and for operating a vehicle under the influence of a controlled substance. Therefore, continued the Government, the search of Mr. Paige's person and his vehicle were permissible as incident to that lawful arrest. Alternatively, the Government argued, the search was lawful either because the officer had reasonable suspicion to conduct a pat down to ensure her safety or because the officer would have inevitably discovered the evidence due to the strong odor of marijuana emanating from the vehicle.

On April 22, 2016, the magistrate judge recommended that Mr. Paige's motion be denied. The magistrate judge observed that "Officer Sheets-Walker encountered an individual who had apparently fallen asleep in the McDonald's drive-through, and apparently remained asleep long enough for

emergency personnel to be contacted, dispatched, and arrive on the scene to find Paige still asleep in his car."[7] The judge also observed that "this recently-awoken person smelled strongly of fresh marijuana."[8] The magistrate judge reasoned that this behavior gave the officer probable cause to arrest Mr. Paige "for possession of marijuana, Wis. Stat. § 961.41(3g)(e), or operating a vehicle under the influence of a controlled substance, Wis. Stat. § 346.63(1)(a), (am)."[9] "Incident to that arrest," the judge continued, "Officer Sheets-Walker was permitted to search Paige."[10] The judge also noted, parenthetically, that Officer Sheets-Walker's subjective purpose in conducting the search—ensuring her safety— "d[id] not undermine the reasonableness of the search."[11]

Before the district court, Mr. Paige objected to the magistrate judge's report and recommendation, maintaining his position that Officer Sheets-Walker lacked probable cause to arrest him for either offense. He also requested that the district court order an evidentiary hearing. On May 26, 2016, the district court found "that Paige's extremely unusual behavior, combined with the strong smell of marijuana, adequately support[ed]" the magistrate judge's conclusion that the officer

---

[7] R.13 at 4.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 5.

[11] *Id.* (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)).

had probable cause to arrest Mr. Paige for "marijuana posses-sion."[12] The district court nonetheless granted Mr. Paige's re-quest for an evidentiary hearing because the issue of whether Officer Sheets-Walker smelled marijuana was "material" to the magistrate judge's probable cause finding, as well as the alternative bases for upholding the search.[13] As the court ex-plained, "[m]arijuana odor is an important fact, among oth-ers, which could support the officer's reasonable suspicion of danger," and it "could also provide support for probable cause to search Paige's vehicle, thus establishing that the evi-dence in the car would have inevitably been discovered."[14]

After an evidentiary hearing at which Officer Sheets-Walker testified, the magistrate judge again recommended that Mr. Paige's motion be denied on June 23, 2016. The mag-istrate judge found Officer Sheets-Walker to be credible and concluded that she "did smell fresh marijuana coming from Paige and his vehicle."[15] The magistrate judge noted that Of-ficer Sheets-Walker "was familiar with the smell of both fresh and burnt marijuana from prior exposure in her personal life, previous professional experience, her training in the Milwau-

---

[12] R.19 at 2–3.

[13] *Id.* at 4.

[14] *Id.* Prior to the evidentiary hearing, the parties had stipulated that "[t]he McDonald's drive-through service was open when the Milwaukee Fire Department Captain encountered Paige in his vehicle" and that "[w]hen the officer approached Paige's vehicle, having placed him in her wagon, the doors and windows of his vehicle were closed." R.10 at 1–2.

[15] R.22 at 3–4.

kee Police Academy, and from prior experiences as a Milwau-kee police officer."[16] Based on this credibility determination, the magistrate judge recommended that Mr. Paige's motion be denied for the reasons set forth in his April 22, 2016 report and recommendation, namely, that the officer had probable cause to arrest Mr. Paige for possessing marijuana or operat-ing the vehicle while impaired.

After receiving no objections to the magistrate judge's sec-ond report and recommendation, the district court adopted it on July 14, 2016. Mr. Paige then pleaded guilty to both counts, reserving his right to appeal the district court's denial of his motion to suppress. On December 1, 2016, the district court sentenced Mr. Paige to twenty-eight months' imprisonment and four years of supervised release.

Mr. Paige timely appeals.[17]

## II

## DISCUSSION

Mr. Paige maintains that the district court erred in deny-ing his motion to suppress because Officer Sheets-Walker lacked probable cause to arrest him for either marijuana pos-session, Wis. Stat. § 961.41(3g)(e), or for operating a vehicle under the influence of a controlled substance, Wis. Stat. § 346.63(1)(a). He contends that because he was arrested with-

---

[16] *Id.* at 4.

[17] The district court had jurisdiction under 18 U.S.C. § 3231. We have ju-risdiction to decide this appeal under 28 U.S.C. § 1291.

out probable cause, the searches of his person and of his vehicle violated the Fourth Amendment. Specifically, Mr. Paige contends that "[m]arijuana's common use and evolving legal status makes the odor less probative of criminal possession."[18] Additionally, he contends that falling asleep behind the wheel of a vehicle does not create probable cause to arrest for operating while under the influence. The Government counters that the odor of fresh marijuana, in addition to Mr. Paige's behavior that evening, gave Officer Sheets-Walker probable cause to arrest for both offenses. "We review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Thompson*, 842 F.3d 1002, 1006 (7th Cir. 2016) (emphasis removed).

## A.

We first address whether the search of Mr. Paige's person can be justified as a search incident to arrest. The standards governing our review are well established. "A warrantless arrest is constitutionally permissible if supported by probable cause." *United States v. Sands*, 815 F.3d 1057, 1061–62 (7th Cir. 2015). Probable cause for an arrest exists if the totality of the "facts and circumstances within the officer's knowledge … are sufficient to warrant a prudent person, or one of reasonable caution, [to] believ[e], in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

We agree with our sister circuits that the odor of marijuana, if sufficiently localized to a specific person, provides

---

[18] Appellant's Br. 7.

probable cause to arrest that person for the crime of marijuana possession. *United States v. Perdoma*, 621 F.3d 745, 749 (8th Cir. 2010); *United States v. Humphries*, 372 F.3d 653, 659–60 (4th Cir. 2004). Notably, although the odor of marijuana "can provide probable cause to believe that marijuana is present in a particular place," *Humphries,* 372 F.3d at 658, localizing an odor in such a way does not necessarily permit an officer to arrest all persons in that particular place. To arrest a particular person, the officer must have probable cause to believe that a particular person is committing or has committed an offense. Therefore, as the Fourth Circuit has explained, "some additional factors" generally have to be present in order to support the inference that a particular suspect possesses or has possessed the contraband. *Id.* at 659. This concern for adequate particularity is satisfied when "an officer smells the odor of marijuana in circumstances where the officer can localize its source to a person." *Id.* When the odor is that localized, the officer also has probable cause to arrest because he has reason "to believe that the person has committed or is committing the crime of possession of marijuana." *Id.*

If an officer has probable cause to arrest, she also may conduct a search incident to that lawful arrest without any additional justification. *United States v. Robinson*, 414 U.S. 218, 235 (1973). As the Supreme Court has explained, searching a person incident to arrest "enables officers to safeguard evidence, and, most critically, to ensure their safety during 'the extended exposure which follows the taking of a suspect into custody and transporting him to the police station.'" *Virginia v. Moore*, 553 U.S. 164, 177 (2008) (quoting *Robinson*, 414 U.S. at 234–35).

The record before us establishes firmly that Officer Sheets-Walker had probable cause to arrest Mr. Paige for marijuana possession. Despite Mr. Paige's focus on marijuana's evolving legal status, it is undisputed that marijuana possession remains a crime in Wisconsin. *See* Wis. Stat. § 961.41(3g)(e).[19] Moreover, after an evidentiary hearing, the magistrate judge found that Officer Sheets-Walker was credible when she testified that she smelled marijuana coming *from Mr. Paige's person*. Specifically, Officer Sheets-Walker testified that upon first approaching Mr. Paige, she "could smell this strong skunky smell coming from off of his person."[20] She associated the smell with "fresh marijuana" and continued to "smell this fresh marijuana emanating off of his body" as she walked him to her police wagon.[21] No other people were in the parking lot at the time of their interaction, and only three cars were parked in the lot. Based on these circumstances and the magistrate judge's credibility determination, we agree with the district court's conclusion that Officer Sheets-Walker had probable cause to arrest Mr. Paige for marijuana possession.

Additionally, Officer Sheets-Walker had probable cause to arrest Mr. Paige for operating a vehicle while under the influ-

---

[19] Because marijuana possession remains a crime in Wisconsin, we have no need to reach, and do not reach, the questions that might arise in a state that permits medical marijuana, or a state that has legalized marijuana possession across-the-board. Our discussion of probable cause should be understood to relate only to the facts and legal background presented by the case before us.

[20] R.48 at 19.

[21] *Id.*

ence of an intoxicant, Wis. Stat. § 346.63(1)(a). Mr. Paige attempts to minimize the officer's perception of marijuana by asserting that "[f]resh, as opposed to burnt, marijuana is not probative of consumption because marijuana typically needs to be burned when consumed."[22] He suggests that more investigation, such as field sobriety tests, should have been performed before probable cause to arrest could be found. Mr. Paige relies on a Massachusetts case, *Commonwealth v. Craan*, 13 N.E.3d 569 (Mass. 2014), to support his assertion. In that case, however, the Supreme Judicial Court of Massachusetts relied on the fact that the driver of the vehicle was not arrested for driving under the influence and instead was permitted to drive away, *without being asked to submit to any field sobriety tests*, following a checkpoint encounter. Indeed, "[a]t the conclusion of the [vehicle] search," the officer only "issued summonses for criminal offenses and released" the occupants of the vehicle, including the driver. *Id.* at 573. Even if the officer had arrested the driver for driving under the influence, the court noted that the arrest would not be supported by probable cause because "[t]here was no evidence [in the record] that the defendant bore any of the classic indicia of impairment." *Id.* at 575.

Here, by contrast, Officer Sheets-Walker knew that Mr. Paige's car had been stopped in the drive-through lane for so long that a McDonald's employee called 911 and expressed concern about a potential sick or injured person. Combined with Mr. Paige's continued drowsiness and her belief that Mr. Paige was not answering her questions truthfully, Officer Sheets-Walker had reason to believe that

---

[22] Appellant's Br. 10.

Mr. Paige was impaired. We therefore conclude that Officer Sheets-Walker had probable cause to arrest him for operating a vehicle under the influence of a controlled substance.

Because Officer Sheets-Walker had probable cause to arrest for both offenses, her subsequent pat down of Mr. Paige was permissible incident to that arrest. *See Moore*, 553 U.S. at 176–77. This result is unaffected by Officer Sheets-Walker's decision to conduct the search *before* arresting Mr. Paige. As the Supreme Court explained in *Rawlings v. Kentucky*, "[w]here the formal arrest follow[s] quickly on the heels of the challenged search," it is not "particularly important that the search preceded the arrest rather than vice versa." 448 U.S. 98, 111 (1980). We therefore cannot agree with Mr. Paige's contention that the district court should have suppressed the firearm found on his person as fruit of the poisonous tree.

**B.**

Mr. Paige also contends that the warrantless search of his vehicle violated the Fourth Amendment. In assessing this submission, we start with the fundamental, and important, principle that warrantless searches "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (internal quotation marks omitted) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). It falls on us, therefore, to examine whether the "established

and well-delineated" exceptions to the warrant requirement might justify this particular warrantless search of a vehicle.[23]

We first examine, in the context of motor vehicles, the exception for a "search incident to arrest." Here, the Supreme Court's decision in *Gant* provides clear guidance. *Gant* holds that an officer may search a vehicle incident to an arrest "if the arrestee is within reaching distance of the passenger compartment at the time of the search." *Gant*, 556 U.S. at 351. The same decision also makes clear that an officer may search the vehicle if "it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* In addition to the "search incident to arrest" exception, other well-established authority makes clear that, under the "automobile exception," an officer may search a vehicle when the officer has probable cause to believe that the vehicle contains evidence of criminal activity. *Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (per curiam); *Carroll v. United States*, 267 U.S. 132, 153 (1925).

As we explained in *United States v. Edwards*, the searches predicated on the "search incident to arrest" theory and those predicated on the "automobile exception" "are interrelated,

---

[23] We address here only those exceptions that appear somewhat germane to the facts of the case and the arguments of the parties. We do not mean to imply that these exceptions are the only ones applicable to motor vehicle searches. *See, e.g.*, *Michigan v. Long*, 463 U.S. 1032, 1049 (1983) (noting that an officer may search a vehicle's passenger compartment when an officer has reasonable suspicion to believe that an individual, whether or not an arrestee, is dangerous and might access the vehicle and obtain control of weapons); *United States v. Cherry*, 436 F.3d 769, 772 (7th Cir. 2006) (explaining the justification for and the requirements of an inventory search of automobiles).

but not identical." 769 F.3d 509, 514 (7th Cir. 2014). "The suspicion required for a vehicle search incident to arrest … is keyed to the offense of arrest; the automobile exception is not tied to an arrest." *Id.* Under *Gant*, a search of a vehicle incident to an arrest is permitted when "it is *reasonable to believe* the vehicle contains evidence of the offense of arrest." 556 U.S. at 346, 351 (emphasis added). The automobile exception (the last of the exceptions noted above), by contrast, clearly requires probable cause that the vehicle contains evidence of criminal activity. *Edwards*, 769 F.3d at 514. With this background, we examine in turn each of these exceptions to determine whether it is applicable.

With respect to the "search incident to arrest" exception, the first prong is inapplicable because Mr. Paige was not in the vehicle. However, the second prong of the exception clearly applies. Although Officer Sheets-Walker already had placed Mr. Paige in the back of the police wagon when she searched his vehicle, she certainly had a reasonable basis for believing that the vehicle contained evidence of the offenses of arrest, marijuana possession and impaired driving. As she approached the car, she could smell the strong odor of marijuana emanating from the interior.

The exception for the search of a vehicle when there is probable cause to believe that evidence of criminal activity is present also is a solid basis upon which to predicate the search. Certainly, given the strong odor that she smelled in the proximity of the vehicle, the officer had probable cause to believe that the vehicle contained more of the substance that had so impaired Mr. Paige as to induce him into a sound sleep or stupor. *See, e.g.*, *United States v. Peters*, 743 F.3d 1113, 1118 (7th Cir. 2014) (concluding that "a police officer 'who smells

marijuana coming from a car has probable cause to search that car'" (quoting *United States v. Franklin*, 547 F.3d 726, 733 (7th Cir. 2008))); *United States v. Wimbush*, 337 F.3d 947, 951 (7th Cir. 2003) (explaining that an officer smelling marijuana justified search of the vehicle); *United States v. Taylor*, 162 F.3d 12, 21 (1st Cir. 1998) (concluding that marijuana smell emanating from car justified search for drugs).

**Conclusion**

Officer Sheets-Walker had probable cause to arrest Mr. Paige for both marijuana possession and operating a vehicle while under the influence because she smelled fresh marijuana on Mr. Paige's person, knew that Mr. Paige had been sleeping in his car for approximately an hour in an open McDonald's drive-through, and believed that Mr. Paige was not answering her questions truthfully. Incident to that arrest, Officer Sheets-Walker was permitted to search Mr. Paige. The vehicle's search was permissible because, given the localized smell, Officer Sheets-Walker could believe reasonably that the vehicle contained evidence of the offense of arrest.

Indeed, the officer also had probable cause to search the vehicle under the automobile exception, given the strong odor of marijuana in its proximity. The district court therefore was on solid ground in denying the motion to suppress. We therefore affirm the judgment of the district court.

AFFIRMED