Following an evidentiary hearing, a District Court judge allowed the motion of the defendant, Maria A. Nunes-Daveiga, to suppress her statements and field sobriety tests. On appeal, the Commonwealth contends that the motion judge erred in suppressing this evidence "[a]s a result of head trauma suffered at collision." We reverse.
Discussion. "In reviewing a ruling on a motion to suppress, we accept the judge's subsidiary findings of fact absent clear error 'but conduct an independent review of [the judge's] ultimate findings and conclusions of law.' " Commonwealth v. Hernandez, 473 Mass. 379, 382-383 (2015), quoting Commonwealth v. Craan, 469 Mass. 24, 26 (2014). "We take the facts from the judge's findings following a hearing on the motion to suppress, adding those that are not in dispute, and eliminating those that, from our reading of the transcript, are clearly erroneous." Commonwealth v. Castillo, 89 Mass. App. Ct. 779, 781 (2016), quoting Commonwealth v. Wedderburn, 36 Mass. App. Ct. 558, 558-559 (1994). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Castillo, supra, quoting Green v. Blue Cross & Blue Shield of Mass., Inc., 47 Mass. App. Ct. 443, 446 (1999). "Whatever determination is made must be supported by evidence in the record that the judge has credited or by any reasonable inference that may be drawn from such evidence." Commonwealth v. Hilton, 450 Mass. 173, 180 (2007).
Where a defendant "has produced some evidence that [a] statement [made to a law enforcement officer] was involuntary," a "judicial determination of voluntariness is necessary." Commonwealth v. Tavares, 385 Mass. 140, 151 (1982). Once such a claim has been raised, the Commonwealth bears the burden of proving that the defendant's statement was made voluntarily beyond a reasonable doubt. Id. at 152. The judge must consider the totality of the circumstances, which should include "the defendant's physical and mental condition, the defendant's conduct, and the details of the interrogation." Commonwealth v. Brown, 462 Mass. 620, 626-627 (2012), citing Commonwealth v. Parker, 402 Mass. 333, 340 (1998).
Here, in allowing the motion to suppress, the motion judge found that "[a]s a result of head trauma suffered at collision," the defendant did not voluntarily make any statements to the police or submit to field sobriety tests. The only evidence before the motion judge, however, was the testimony given by State Police trooper Taylor and paramedic Matthew Ryan. The defendant did not testify, nor is she required to. Neither Taylor nor Ryan testified that they thought the defendant had suffered a head injury. Indeed, the defendant told Taylor that she was not injured, and Ryan testified that he observed no signs of injury or trauma. The defendant's affidavit, filed in support of the motion, suggests that she sustained concussive effects from the accident that prevented her from voluntarily making any statements to the police or consenting to field sobriety testing. The motion judge's reliance on these statements was error as the defendant's "affidavit is not evidence and may not be considered by the judge for purposes of deciding the motion to suppress. The permissible findings of fact at the evidentiary hearing must find support in the evidence-the testimony and exhibits, which have been introduced in evidence at the suppression hearing." Commonwealth v. Lawson, 79 Mass. App. Ct. 322, 326 n.4 (2011), overruled on other grounds by Commonwealth v. Campbell, 475 Mass. 611, 617 n.9 (2016), quoting J.A. Grasso, Jr. & C.M. McEvoy, Suppression Matters Under Massachusetts Law § 2-3[d][3] (2010). As the record is devoid of any evidence that the defendant suffered "head trauma," the motion judge's finding regarding such trauma is not supported by the evidence and is, therefore, clearly erroneous.
Order allowing motion to suppress reversed.