NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 7, 2019
Decided August 27, 2019

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-2195

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 15-CR-146 |
| DEVON L. BEAN, *Defendant-Appellant*. | Lynn Adelman, *Judge.* |

## O R D E R

Devon Bean challenges the denial of his motion to suppress a gun and marijuana. The district court denied Bean's motion on the ground that police officers, in blocking his car and then smelling marijuana in it, had probable cause to search him and the car. Bean conditionally pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and possessing with intent to distribute marijuana, 21 U.S.C. § 841(a)(1). We affirm the judgment. Before the search, the police saw that Bean had stopped his car in a loading zone—a potential parking violation. They thus had probable cause to block him and ticket him, *see United States v. Johnson*, 874 F.3d 571, 573 (7th Cir. 2017) (en banc). Also, after smelling marijuana in his car, they had probable cause to search him and the car.

The facts are largely undisputed. At 7:30 p.m. in January 2015, police officers were driving through a "high-crime area" of Milwaukee. Officer Jose Ramirez, the driver, slowed to about 15 miles per hour as he approached a liquor store, a familiar trouble spot. He noticed a car about 30 to 40 feet down the street from the store. It was stopped in a loading zone marked by two street signs. Ramirez saw Bean in the driver's seat and an "older" man leaning into the car through the passenger-side window. Ramirez watched Bean and the man make hand-to-hand contact. After Bean and the man saw the police cruiser, the man began walking away. Ramirez then activated the cruiser's flashing lights and stopped five feet in front of Bean's car, blocking it. All of this occurred in a matter of "several seconds," from the time the police slowed down in front of the liquor store to when they blocked Bean's car.

Ramirez got out of his cruiser to investigate. He told the older man to stop, but the man slipped through a gap in a fence and ran. As Ramirez approached Bean's car, he saw Bean reach down toward his feet. When Ramirez got to the passenger-side window, he smelled marijuana coming from the car. The other officers ordered Bean out of the car, and he complied. The officers found marijuana in Bean's pocket and a gun underneath the driver's seat and arrested him. Bean also received a ticket for parking in a loading zone.

The government charged Bean with firearm and drug offenses, and he moved to suppress the gun, the marijuana, and any other evidence obtained from the stop. A magistrate judge held a hearing and received briefing. The government argued that the officers' observations gave them reason to believe Bean was parked illegally. In Wisconsin, parking in a loading zone is illegal unless a driver is attending the car and someone is entering or leaving it. WIS. STAT. § 346.53(1). The magistrate judge found that the government relied "exclusively" on the alleged parking violation for the stop and recommended that Bean's motion be denied. In his objection to that recommendation, Bean emphasized that the government had abandoned any arguments that the officers had some other legitimate basis for the stop. This court decided *Johnson* before the district court ruled, so it ordered the parties to address that case.

*Johnson* involved comparable facts. Milwaukee police officers saw a car stopped within 15 feet of a crosswalk, also a parking offense unless a driver is attending the car and someone is entering or leaving it. 874 F.3d at 572 (citing WIS. STAT. § 346.53). Seeing no one in the driver's seat, the officers approached the car to issue a parking ticket and noticed a gun in plain view inside the car. *Id.* As a result, Randy Johnson, a passenger,

conditionally pleaded guilty to possessing a gun as a felon, reserving the right to appeal the denial of his motion to suppress the gun. *Id.* Sitting en banc, this court held that the police had probable cause to believe that the car was parked illegally, and thus the officers "were entitled to approach the car before resolving statutory exceptions" to the offense (such as the loading or unloading of passengers). *Id.* at 573.

The district court denied Bean's motion to suppress. It found that the police validly seized Bean when Ramirez pulled the cruiser in front of Bean's car, and upon smelling marijuana, permissibly searched it. The court ruled that *Johnson* controlled this case—Officer Ramirez was justified in stopping Bean for a parking violation and did not need to wait to see if Bean was engaged in loading or unloading.

Bean conditionally pleaded guilty, reserving the right to appeal the denial of his motion to suppress. *See* FED. R. CRIM. P. 11(a)(2). The district court sentenced Bean to time served, in part because he had served a 30-month state sentence for the same conduct.

Bean challenges the district court's legal conclusion that Ramirez had sufficient grounds to stop him for parking illegally, so our review is de novo. *See United States v. Bell*, 925 F.3d 362, 369 (7th Cir. 2019). The rule articulated in *Johnson* comes from *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001): "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater* involved the traffic offense of failure to use a seat belt, punishable only by a fine. In *Johnson*, this court held that, based on *Atwater*, an officer who has probable cause to believe that a car is parked illegally may conduct a stop to issue a ticket. 874 F.3d at 573–74.

Bean seeks to distinguish *Johnson* on the ground that Ramirez did not have adequate reason to believe that he was parked illegally. He points out that, unlike in *Johnson*, a driver (Bean) was behind the steering wheel, and someone was outside the car interacting with him, suggesting the loading or unloading of a passenger or cargo. Thus, Bean concludes, the mere fact that his car was in a loading zone did not provide a sufficient basis for the stop.

The relevant statute for parking violations provides:

> No person shall stop or leave any vehicle standing in any of the following places except temporarily for the purpose of and while actually engaged in loading or unloading or in receiving or discharging passengers and while the vehicle is attended by a licensed operator so that it may promptly be moved in case of an emergency or to avoid obstruction of traffic.

WIS. STAT. § 346.53. The statute lists six places of possible violations. The one at issue in *Johnson* was "Closer than 15 feet to the near limits of a cross-walk." *Id.* § 346.53(5). The one in this case is "In a loading zone." *Id.* § 346.53(1).

In *Johnson*, we recognized that the parking restriction contained a statutory exception that applies when a driver is attending the car and the car is loading or unloading passengers or cargo. 874 F.3d at 573. But the police did not have to watch the car to find out whether this exception applied. *Id.* "Police possessed of probable cause can hand out tickets (or make arrests) and leave to the judicial process the question whether a defense, exception, proviso, or other limitation applies." *Id.*

The distinctions that Bean raises (he was in the driver's seat and a man was outside the car) do not require a different outcome. Like in *Johnson*, the police observed Bean's car parked in a restricted area without any loading or unloading occurring. By itself this was a probable violation of the law sufficient to support the arrest. Although a statutory exception was partly satisfied—Bean was in the driver's seat—the officers did not have to resolve the remainder of the exception by figuring out if he was picking up or dropping off something, or if the man leaning on the car had just gotten out of it or was going to get in it. *See id.* And because the police smelled marijuana in the car after they validly blocked it, they had probable cause to search Bean and the car. *United States v. Paige*, 870 F.3d 693, 700, 703 (7th Cir. 2017).

AFFIRMED