**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2020
Decided April 27, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1336

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois. |
| *v.* | No. 1:13-CR-00446(1) |
| MICHAEL TRIPLETT, *Defendant-Appellant*. | Charles R. Norgle, *Judge*. |

**O R D E R**

After a police officer saw Michael Triplett exchange money for an item from his car, he and other officers searched Triplett's car and found a loaded revolver and bags of illegal drugs. Facing drug and gun-possession charges, Triplett moved to suppress the evidence obtained during the search. The district court denied his motion, and Triplett pleaded guilty (pursuant to a conditional plea that allowed him to challenge the search on appeal) to two charges: possessing a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A), and possessing a firearm as a felon, *id.* § 922(g). The court imposed a sentence of 20 years in prison, which, because of Triplett's status as an armed career criminal, was the mandatory minimum.

Triplett now appeals, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We disagree. Because a lawyer could raise a nonfrivolous argument that the police lacked probable cause to search Triplett's car lawfully, we deny counsel's motion to withdraw and order counsel to brief the merits of Triplett's appeal.

At a suppression hearing before a magistrate judge, several officers testified about the events leading up to the challenged search. They stated that the search occurred after an anonymous tipster told police that a man was selling drugs out of a four-door black Chevy. The tipster described Triplett's car, its plate number, and its location. In response to the tip, several officers went to the street where the car was parked, and where Triplett and a group of other men had gathered on a street corner. While one of the officers watched Triplett through binoculars, a man approached Triplett and gave him money. The officer testified that he saw Triplett then reach through the passenger-side window of his car, grab a "small item" from behind the visor, and give it to the man. Although the officer could not identify through his binoculars what Triplett had grabbed from the car, he concluded that the exchange was probably a drug sale.

The officers then detained the men and began a search of Triplett's car. One officer reached into Triplett's car and found three small bags of heroin behind the passenger-side visor. After confirming the bags' contents, he opened the passenger door and found a loose panel at the base of the door frame. He pried this open and discovered two large bags of what appeared to be crack cocaine. The officers then arrested Triplett, moved his car to the police station, and searched it more thoroughly. They found another loose panel (on the driver's side) and inside were more bags of heroin and crack, and a loaded revolver.

Two of Triplett's long-time friends, who had been with him on the street corner, contested the officers' version of the events. They testified that they were on the street corner organizing a basketball game and that no one bought drugs from Triplett. (They added that they did not know how Triplett supported himself.) The witnesses also said that when the police arrived, they arrested Triplett on a domestic-violence warrant, and they searched both Triplett and his car without finding anything.

After the hearing, the magistrate judge recommended denying the motion to suppress. She explained that the officers' testimony was "detailed, credible, and [made] sense," and that the testimony from Triplett's friends was "the opposite." It was not credible, the judge reasoned, that the men would have met at that street corner to organize a basketball game, instead of at the park where they planned to play, or that

neither witness was aware of Triplett's source of income, despite claiming to have been longtime friends. The credibility of both friends was further tarnished because one had a long criminal history and the other frequently gave aliases to the police. Relying on the officers' version of events, she concluded that the officers had probable cause to believe the car contained evidence of criminal activity.

Triplett's counsel considers the magistrate judge's decision unassailable. Counsel points out that the "automobile exception" to the Fourth Amendment's warrant requirement allows officers to search a car that they have probable cause to believe has evidence of a crime. *Maryland v. Dyson*, 527 U.S. 465, 467 (1999); *Carroll v. United States*, 267 U.S. 132, 155–56 (1925). This exception, unlike the exception for searches incident to an arrest, does not require an arrest; it requires only probable cause of criminal activity. *See United States v. Paige*, 870 F.3d 693, 702 (7th Cir. 2017) (distinguishing car searches incident to arrest, as in *Arizona v. Gant*, 556 U.S. 332 (2009), from car searches based on probable cause). And counsel argues that we would have no basis for disturbing the judge's credibility determination. The judge explained why she found the officers more credible, and we "accept the district court's credibility determination unless the facts, as testified to by the police officers, were so unbelievable that no reasonable factfinder could credit them." *United States v. Contreras*, 820 F.3d 255, 263 (7th Cir. 2016).

But whether the officers' observations, even if true, supplied probable cause to enter and search Triplett's car is debatable. An *anonymous* tip about criminal activity, like the one that officers relied on here, may lack enough intrinsic reliability to establish reasonable suspicion to detain a suspect, much less probable cause for a search. *Florida v. J.L.*, 529 U.S. 266, 271 (2000). Before acting on a tip from a source of unknown trustworthiness, police must corroborate the tipster's ability to predict future actions "not easily ascertained by public observation," or otherwise independently verify that the illegal conduct alleged in the tip is likely occurring. *United States v. Lopez*, 907 F.3d 472, 480–81 (7th Cir. 2018). Here, the police did corroborate the tipster's ability to identify Triplett's car and its location. But the only potential corroboration of ongoing criminal activity was an officer's observation that Triplett handed an unidentified "small item" to a man in exchange for money. Because the officer could not identify the item, the corroborative value of this observation for supporting probable cause is questionable.

Courts appear to be split on whether observations of a hand-to-hand exchange of cash for a small, unknown object, without other evidence of criminal activity, supports a finding of probable cause. *See Pennsylvania v. Dunlap*, 555 U.S. 964 (2008) (Roberts, C.J., dissenting from denial of certiorari). Therefore, given the absence of a known and

reliable informant providing the tip, *see United States v. Sands*, 815 F.3d 1057, 1059 (7th Cir. 2015), and the lack of other reliable evidence that Triplett was engaged in ongoing criminal activity, we cannot say that challenging the magistrate judge's decision would be frivolous.

We express no conclusion on the ultimate merits of this potential challenge. We decide only that this appeal is not frivolous, and that Triplett is entitled to the benefit of briefing by counsel. *See United States v. Eskridge*, 445 F.3d 930, 931–32 (7th Cir. 2006). Counsel's motion to withdraw is therefore DENIED and the parties are ORDERED to brief the issue of the district court's denial of Triplett's motion to suppress the evidence obtained from the warrantless search of his car and any other potentially meritorious issue. After briefing is completed, we will set a date for oral argument. Briefing will proceed as follows:

1. The appellant's brief and required short appendix are due by May 27, 2020.

2. The appellee's brief is due by June 26, 2020.

3. The appellant's reply brief, if any, is due by July 17, 2020.